IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:04CR469 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| RAMON MENDOZA and, ) | **OF FORFEITURE** |
| JOSE GUSTAVO RUBIO, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief (Filing No. 95). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant, Ramon Mendoza, has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Superceding Indictment. Count I of said Superceding Indictment charges the Defendant with conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 846. Count II of said Superceding Indictment charges the Defendant with using one 1991 Ford Expedition, VIN 1FMPU18L2XLA91218, and one 2000 Chevrolet Impala, VIN 2G1WH55KXY9327770 to facilitate the commission of the conspiracy and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 95) is hereby sustained.

B. Based upon Count II of the Superceding Indictment and the Defendant's plea of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:  one 1991 Ford Expedition, VIN 1FMPU18L2XLA91218, and one

2000 Chevrolet Impala, VIN 2G1WH55KXY9327770.

C. The Defendant's interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the

nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 6th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge